1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFRY IAN COOK,

11          Petitioner,                    No. CIV S-07-0387 LKK GGH P

12       vs.

13   D.K. SISTO, Warden, et al.,

14          Respondents.                   ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

18          Petitioner alleges that when he pled guilty his attorney told him that when he had

19   parole suitability hearings, the panels would be composed of members who were unbiased,

20   impartial and a cross-section of society.  Petitioner alleges that the law has since been changed so

21   that members of the panels are ex-law enforcement officers and victims rights advocates.

22   Petitioner alleges that he would not have pled guilty had he known that the law would change in

23   this manner.

24          There are two problems with this claim.  First, petitioner does not allege that an

25   actual term of his plea agreement was that the parole suitability panels would be composed of

26   members of the public who were not ex-law enforcement officers and victims rights advocates.

1    Second, while it is true that due process requires the state decision makers to be

2    unbiased, see Edward v. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584, 1588 (1997), petitioner

3    does not identify any particular parole suitability hearing panel of his own that included biased

4    members.  Nor does petitioner cite an example of bias shown by a panel member at one of his

5    hearings.  For these reasons, this claim is dismissed with leave to amend.  Rule 4, Rules

6    Governing Section 2254 Cases.

7    Petitioner also alleges that he has been denied timely parole hearings.  Petitioner

8    argues that had he known that he would not receive timely parole hearings, he would not have

9    pled guilty.  Petitioner does not allege that a specific term of his plea agreement provided that he

10   receive timely parole hearings.  Nor does petitioner describe any of the untimely parole hearings

11   he allegedly received.  Because this claim is vague and conclusory, it is dismissed with leave to

12   amend.  Id.

13   In accordance with the above, IT IS HEREBY ORDERED that the petition is

14   dismissed with thirty days to file an amended petition; failure to file an amended petition within

15   that time will result in a recommendation of dismissal of this action.

16   DATED:  4/11/07

17                                                                /s/ Gregory G. Hollows

18                                                                GREGORY G. HOLLOWS
                                                                 UNITED STATES MAGISTRATE JUDGE

19

     cook0387.100f

20

21

22

23

24

25

26

2