IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY IAN COOK,

        Petitioner,                    No. CIV S-07-0387 LKK GGH P

    vs.

D.K. SISTO, et al.,

        Respondents.             FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first degree murder in 1979 and sentenced to 25 years to life. Amended Petition, p. 1. On April 11, 2007, the court dismissed the original petition with leave to amend. On May 15, 2007, petitioner filed an amended petition.

        The amended petition alleges that petitioner's plea agreement was violated because he did not receive timely parole hearings and because the members of the parole hearing panels were biased. "Respondents are wilfully refusing to provide board members who are a cross-section of the general population of the State of California." Amended Petition at 11. Petitioner argues that he pled guilty based on an understanding that state law would be followed regarding the timing of parole suitability hearings and the makeup of suitability hearing panels.

1

Petitioner admits that the transcript from his change of plea hearing does not state that these were conditions of his plea agreement, but argues that it was a reasonable expectation.

Because an actual term of petitioner's plea agreement did not include the two conditions set forth above, the court does not find that petitioner has stated a colorable claim for violation of his plea agreement. Accordingly, this claim should dismissed.

Petitioner may also be alleging a claim for violation of his right to due process based on untimely parole suitability hearings. Petitioner states that on August 11, 2004, he was denied parole for one year, but did not receive his next suitability hearing until February 15, 2006, i.e., six months late.

In order to demonstrate that the six month delay in his receipt of his parole hearing violated due process, petitioner must demonstrate that the delay was unreasonable and prejudicial. See Hopper v. United States Parole Comm'n., 702 F.2d 842, 847 (9th Cir. 1983). "However, due process 'does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations.]' " Johnson v. Paparozzi, 219 F. Supp. 2d 635, 652 (D.N.J.2002); see February 24, 2006, findings and recommendations, pp. 14-15, William v. Board of Prison Terms, CIV S-02-2323 LKK KJM P, adopted by the Honorable Lawrence K. Karlton, March 30, 2006. The denial of a timely parole proceeding is not a per se violation of due process. Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir.1996); Id. To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay. Cf. Camacho v. White, 918 F.2d 74, 78-80 (9th Cir.1990). Petitioner has failed to demonstrate that the six month delay was prejudicial. Accordingly, this claim should be dismissed.

Petitioner also may be arguing that the panel members of his suitability hearings were biased in violation of his right to due process. Petitioner raised this claim in the original petition. In the April 11, 2007, order the court stated that it is true that due process requires state decision makers to be unbiased. Edwards v. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584, 1588 (1997). The court dismissed this claim because petitioner did not identify any particular parole

suitability hearing panel of his own that included biased members, nor did petitioner cite any example of bias shown by a panel member.  Petitioner's amended petition also fails to cite any example of bias shown by a panel member toward petitioner.  The mere fact that the "cross-section of community" which petitioner desires has not evidently been the source of selection for parole commissioners does not implicate a federal constitutional claim for biased decisionmakers.  For this reason, this claim should be dismissed.

Finally, the court observes that petitioner's claims regarding untimely parole suitability hearings and biased panel members are biased largely on alleged violations of state law.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The alleged violations of state law regarding the timeliness of petitioner's parole suitability hearings and the makeup of the hearing panels do not state colorable constitutional claims.  For that reason, the court above applied the federal constitutional standards for evaluation of claims alleging untimely suitability hearings and biased parole hearing panels.

The April 11, 2007, order gave petitioner clear instructions regarding how to amend his petition in order to state colorable claims.  After reviewing the amended petition, it does not appear that petitioner is able to cure the pleading defects.  Accordingly, the court recommends that this action be dismissed.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  9/17/07                                    /s/ Gregory G. Hollows
                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE

co387.ord