IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY IAN COOK,

    Petitioner,                      No. CIV S-07-0387 LKK GGH P

  vs.

D.K. SISTO, et al.,

    Respondents.                  <u>ORDER</u>

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On September 17, 2007, the magistrate judge filed findings and recommendations that were served on petitioner and that contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has not filed objections to the findings and recommendations. The court has reviewed the file. As explained below, the court declines to adopt the magistrate judge's findings and recommendations.

       Petitioner pled guilty to first-degree murder and was sentenced to twenty-five years to life. He asserts in his petition that he appeared before the Board of Parole Hearings on August 11, 2004 for consideration of his suitability for parole, which was denied, and that his subsequent

1

suitability hearing was not held until February 15, 2006. Petitioner claims that his due process rights were violated by this delay of eighteen months, which he alleges constituted a violation of state law.

Under California Penal Code section 3041.5(b)(2), if an inmate is found unsuitable for parole, "[t]he board shall hear [the] case annually thereafter," unless an exception applies. An exception exists if the board determines that it is not reasonable to expect that parole would be granted the following year and states its basis for this determination. Cal. Penal Code § 3041.5(b)(2)(A)-(B). In that case, the board may hold the next suitability hearing two years later or up to five years later for an inmate who has been convicted of murder. Id. An inmate has a procedural due process interest in the state's compliance with the statute's requirements that the basis for extending the suitability hearing under section 3041.5(b)(2)(A) or (b)(2)(B) be expressed in writing. In re. Jackson, 39 Cal. 3d 464 (Cal. 1985).

Federal courts must construe a pro se petitioner's pleading liberally. Boag v. MacDougall, 454 U.S. 364 (1982). Here, the petitioner did not expressly state in his petition that the state failed to provide a written basis for its determination that petitioner's suitability hearings should be held less frequently than annually. From the allegations petitioner did make, however, and construing his pleading liberally, it appears that petitioner has stated a cognizable claim.[1]

An individual's federal due process rights may be implicated when a state erroneously

---

[1] For example, the petitioner alleges that "although the board initially schedules hearings for the appropriate date, the board routinely cancels those hearings and causes many months or even years to pass by without affording the life prisoner his right to due process." Amended Petition for Writ of Habeas Corpus, Memorandum of Points and Authorities at 8. This suggests to the court that petitioner is alleging that the parole board has extended the date of his hearing without providing a written basis for doing so.

The court disagrees with the magistrate judge's citation to Hopper v. United States Parole Comm'n, 702 F.2d 842 (9th Cir. 1983) for the proposition that a petitioner must allege that the hearing delay was unreasonable and prejudicial in order to state a claim based upon an alleged delay in a parole suitability hearing. Hopper considered a claim of delay in a parole revocation hearing, and to this court's knowledge has not been applied to a case challenging delay in parole suitability hearings.

applies state law. Hicks v. Oklahoma, 447 U.S. 343 (1980). This failure properly apply state law can be a basis for habeas corpus relief under AEDPA. Bradley v. Duncan, 315 F.3d 1091, 1096-97 (9th Cir. 2002). Petitioner has alleged that the state violated his due process rights by failing to comply with state law in the timing of his suitability hearings. Because this may state a colorable claim for habeas corpus relief, the court cannot agree that the petition should be dismissed.

For the reasons set forth above, the court DECLINES to adopt the magistrate judge's September 17, 2007 findings and recommendations and REFERS the case to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

DATED: January 4, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT