UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JEFFRY IAN COOK,

    Petitioner,

v.

D.K. SISTO, Warden,

    Respondent.

NO. CV-07-387-RHW

**ORDER DENYING HABEAS PETITION; ISSUING COA**

    Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus, 28 U.S.C. Section 2254 (Ct. Rec. 7). Petitioner is a state prisoner currently confined at the California State Prison, Solano, in Vacaville, California, and is proceeding *pro se*.

    Petitioner plead guilty to first degree murder (Cal. Penal Code § 187) and was sentenced to an indeterminate term of twenty-five years to life imprisonment.

    Petitioner filed a Writ of Habeas Corpus with Sacramento County Superior Court, asserting that the state of California had violated the plea agreement when it failed to provide Petitioner with a timely parole hearing. This petition was denied. He then filed a Petition with the California Court of Appeal and the California Supreme Court. These petitions were summarily denied.

    On February 26, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Eastern District of California and asserted four grounds for relief: (1) the state failed to comply with state law in violation of Petitioner's due process rights; (2)

**ORDER DENYING HABEAS PETITION; ISSUING COA** ~ 1

Petitioner has a constitutional right to have the state comply with their part of the plea agreement; (3) Petitioner must be permitted to withdraw his plea; and (4) plea agreements are contracts requiring the state to live up to their part of the contract. Petitioner asserted that the state of California failed to provide him with a timely parole consideration hearing; he has a right to have a panel made up of a cross-section of society; and his sentence has been illegally increased beyond that allowed by law. Petitioner asserted that had he known that the state would violate the terms of the plea agreement, he would have never waived his constitutional rights and plead guilty.

On April 11, 2007, Magistrate Judge Gregory Hollows dismissed the petition with leave to amend (Ct. Rec. 6). Judge Hollows noted that Petitioner did not allege that an actual term of his plea agreement was that the parole suitability panels would be composed of members of the public who were not ex-law enforcement officers and victims rights advocates, and that Petitioner did not identify any particular parole suitability hearing panel of his own that included biased members or cite to an example of bias shown by a panel member at one of his hearings. Finally, Judge Hollows noted that Petitioner did not allege that a specific term of his plea agreement provided that he receive timely parole hearings, or describe any of the untimely parole hearings he allegedly received.

On May 5, 2007, Petitioner filed an Amended Petition for Writ of Habeas Corpus (Ct. Rec. 7). In his amended petition, Petitioner argued that his plea agreement was violated because he did not receive timely parole hearings and because the members of the parole hearing panels were biased. He also asserted that his due process rights were violated based on an untimely parole suitability hearing. He stated that on August 11, 2004, he was denied parole for one year, but did not receive his next suitability hearing until February 16, 2006–six months late.

Judge Hollows issued a Report and Recommendations recommending that the action be dismissed (Ct. Rec. 8). Judge Lawrence Karlton declined to adopt the

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 2**

Report and Recommendation (Ct. Rec. 9). Judge Karlton liberally construed Petitioner's Amended Petition and concluded that Petitioner stated a cognizable claim that the state violated his due process rights by failing to comply with state law in the timing of his suitability hearings. Specifically, Judge Karlton found that an individual's federal due process rights may be implicated when a state erroneously applies state law, and this failure can be a basis for habeas relief under AEDPA. Judge Karlton, relying on In re Jackson, found that an inmate has a procedural due process interest in the state's compliance with the parole statutes.

Under California Penal Code section 3041.5(b)(2), if an inmate is found unsuitable for parole, "[t]he board shall hear [the] case annually thereafter," unless an exception applies. An exception applies if the board determines that it is not reasonable to expect that parole would be granted the following year and states its basis for this determination. Cal. Penal Code § 3041.5(b)(2)(A)-(B). In that case, the board may hold the next suitability hearing two years later or up to five years later for an inmate who has been convicted of murder. Id.

In a subsequent Order, the state was ordered to address whether it violated Petitioner's due process rights by not providing a written basis for its determination that Petitioner's suitability hearings should be held less frequently than annually (Ct. Rec. 10).

## STANDARD OF REVIEW

In order to succeed with his § 2254 petition, Petitioner must establish that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Petitioner must also establish that his claims were adjudicated on the merits in state court proceedings and that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 3**

proceeding." § 2254(d).  A determination of a factual issue made by the State court shall be presumed to be correct. § 2254(e).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  *Id.*

A state court's decision is "contrary to" clearly established federal law only where "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-24 (2000).  There is an "unreasonable application" of clearly established federal law when a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08.  A state court decision can also involve an unreasonable application of clearly established precedent "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.  The state court's error must be one that the habeas court concludes is objectively unreasonable, not merely erroneous or incorrect. *Id.* at 409-11.

## ANALYSIS

The Sacramento County Superior Court issued a written opinion, addressing Petitioner's challenges to the Board of Parole Hearings itself and to the alleged delay in his parole suitability hearing (Ct. 15-2, Ex. 2).  The court noted that it had previously dismissed Petitioner's challenge to the make-up of the Board.  It noted that Petitioner was afforded his parole consideration when he obtained a hearing on February 15, 2006, and therefore, his claim was moot.  The court denied the petition.

In his federal proceedings, Judge Karlton read Petitioner to be alleging that because the parole hearing did not take place within the one-year period, the Board implicitly determined that the exception applied and implicitly determined that the

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 4**

parole eligibility hearing would be in two years.  The record relies on this conclusion.

The Board of Prison Terms State Prisoner Hearing Decision Face Sheet (Ct. Rec. 15-2, Ex. B) explicitly indicates that parole was denied by one year.  In addition, the Board recommended that Petitioner get self-help when available, stay discipline free, and continue positive programming.  Under the California statute, no written findings were required, since parole was denied for one year.  If the Board had determined it would hold the hearing in two years, the hearing date would have been in August, 2006.  Yet, the hearing was held in February, 2006. Moreover, the document clearly states that parole is denied for one year.  The Court finds that no written documentation was required to set forth the reasons for applying the exception to the one-year rule because at the time parole was denied, there was no indication that the Board intended anything other than to deny parole for one year.  Moreover, Petitioner has not shown that even if he was entitled to a written explanation because the Board issued a multi-year denial, this is anything but a violation of state law.  As such, even if the state statute was violated, such a violation would not entitle Petitioner to habeas relief.

This does not mean that Petitioner could not allege that the delay in the subsequent parole hearing was a violation of his due process rights.  He did make such a claim to the California Court of Appeals and the Supreme Court.  Indeed, he presented these claims as a breach of contract claim and sought to withdraw from his plea agreement.  The California courts' denial of this claim was not contrary to or an unreasonable application of federal law.  Petitioner ultimately received his hearing and thus already received the only remedy to which he would be entitled. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (discussing mootness); Benny v. U.S. Parole Comm'n, 295 F.3d 977, 989-90 (9th Cir. 2002) (holding that remedy for federal prisoner entitled to parole termination hearing was mandamus petition ordering hearing).  Moreover, Petitioner has not shown that the six-month

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 5**

delay in his receipt of his parole hearing violated due process.  He has not shown that the delay was unreasonable or prejudicial.  See Hopper v. United States Parole Comm'n., 702 F.2d 842, 847 (9th Cir. 1983).  Moreover, even if Petitioner's due process rights were violated by the six-month delay, this would not be grounds for habeas relief–rather, the proper course of action would be a § 1983 action for damages.

For the reasons stated in Magistrate Judge Hollow's Report and Recommendations, the Court dismisses Petitioner's claim that his due process rights were violated because panel members of his suitability hearings were biased.

## CERTIFICATE OF APPEALABILITY

Because this is the Court's final order in this matter, the December 1, 2009 amendments to Rule 11(a) of the Federal Rules Governing Section 2254 Cases require the Court to determine in this Order whether a certificate of appealability should issue.  The Court finds additional briefing on this issue unnecessary.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a habeas petitioner appealing the denial of a 28 U.S.C. § 2254 to obtain a certificate of appealability. 28 U.S.C. § 2253(c).  A court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. See Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

Here, Judge Karlton concluded that Petitioner stated a claim for relief.  This court disagreed.  Therefore, Petitioner has made a showing that reasonable jurists

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 6**

1  could debate whether Petitioner should be afforded habeas relief.

2  Accordingly, **IT IS HEREBY ORDERED:**

3  1.   Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in
4  State Custody (Ct. Rec. 1) is **DENIED**.

5  2.   The Court issues a Certificate of Appealability on the issue of whether
6  Petitioner has shown that he is entitled to habeas relief on his claim that the state
7  violated his due process rights by not providing a written basis for its determination
8  that Petitioner's suitability hearings should be held less frequently than annually.

9  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
10 Order, forward copies to counsel and petitioner, and **close the file**.

11 **DATED** this 14th day of May, 2010.

13            *s/Robert H. Whaley*
14            ROBERT H. WHALEY
              United States District Judge

16 C:\WINDOWS\Temp\notes101AA1\order.wpd

**ORDER DENYING HABEAS PETITION; ISSUING COA ~ 7**